**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wheel Pros LLC, | No. CV-20-00104-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| El Padrino Tires & Wheels LLC, Super Llantas Family LLC, and Zhejiang Ivision Industry & Trade Company Limited, | |
| Defendants. | |

Plaintiff Wheel Pros LLC ("Wheel Pros") moves for default judgment against Defendants El Padrino Tires & Wheels LLC ("Padrino"), Super Llantas Family LLC ("Llantas"), and Zhejiang Ivision Industry & Trade Company Limited ("Ivision") pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 54.) Defendants did not respond, and the time for filing one has passed. The Court grants the motion.

**I. Background**

Wheel Pros is a well-known vehicle wheel manufacturer and marketer who conducts business in Arizona. Wheel Pros has exclusive patent rights in the wheel designs of five company-branded wheel products: the Rockstar, the Rockstar II, Rockstar III, Monster, and Monster II. (Docs. 1-1, 1-2, 1-3, 1-4, 1-5,1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14, 1-15, 1-16, 1-17, 1-18, 1-19, 1-20, 1-21, 1-22.) Additionally, Wheel Pros has exclusive trademark rights in various permutations of two marks: (1) a raised star in the middle of a wheel cap (Docs. 1-23, 1-24) and (2) the phrase "XD Series" (Docs. 1-25, 1-26, 1-27).

Ivision manufactures wheels in China and imports them into the United States to sell directly to distributors. Padrino and Llantas are retailers who purchase Ivision wheels and tires from those distributors and sell directly to customers in the Phoenix area. Wheel Pros alleges that Ivision's products bear striking similarities to the Rockstar, the Rockstar II, Rockstar III, Monster, and Monster II wheel designs. Additionally, Wheel Pros alleges that Ivision's wheels incorporate either the raised star trademark, "XD series" trademark, or both.

Wheel Pros brought this action on January 14, 2020, alleging federal patent infringement, federal trademark/trade dress infringement, state trademark/trade dress infringement, and common law unfair competition. (Doc. 1.) Llantas was served with the summons and complaint on January 23, 2020. (Doc. 13.) Padrino was served with the summons and complaint on February 10, 2020. (Doc. 14.) Neither appeared or responded to the complaint. On June 1, 2020, Plaintiff filed applications for entry of default against Padrino and Llantas, and the Clerk entered default the following day. (Docs. 34, 36.) Ivision's service of the summons and complaint was verified on September 21, 2020. (Doc. 50.) Ivision failed to appear or otherwise respond to the complaint, and Wheel Pros filled an application for entry of default on September 10, 2021 (Doc. 52), which was entered four days later. (Doc. 53.)

**II. Discussion**

After default is entered by the clerk, the district court enjoys wide discretion in deciding whether to enter default judgment under Rule 55(b). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Consideration of the *Eitel* factors guides this decision: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See*

*Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). The Court now considers the *Eitel* factors in turn.

### A. Factor 1: Possibility of Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of default judgment. Defendants failed to respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment. If default judgment is not granted, Wheel Pros will likely suffer prejudice because it will have no other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. Factors 2 and 3: Merits and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint states a plausible claim for relief under the pleading standards of Rule 8. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). The Court addresses the federal patent infringement claim first and then addresses the trademark infringement and unfair competition claims together.

*a. Federal Patent Infringement*

A defendant infringes on a patent by either making, using, offering to sell, or selling any patented invention within the United States, or importing into the United States any patented invention during the term of the patent. 35 U.S.C. § 271(a). Wheel Pros alleges that Ivision manufactures products that infringe on Wheel Pro's patents and imports those products into the United States. Additionally, Wheel Pros alleges that Padrino and Llantas purchase these infringing products from a third party and sell them locally. (Doc. 1 ¶ 53.) Wheel Pros has sufficiently alleged meritorious patent infringement claims.

*b. Trademark Infringement and Unfair Competition*

Both trademark infringement and common law unfair competition claims turn on whether there is a likelihood of confusion. *See Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("This circuit has consistently held that state common law claims of unfair competition . . . are 'substantially congruent' to claims made under the Lanham

Act."). The standard test for a likelihood of confusion is "whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127 (9th Cir. 1998).

Wheel Pros alleges that it owns the trademark to numerous "raised star" and "XD Series" marks, and that Defendants offered for sale wheels bearing marks that infringe on those trademarks. Wheel Pros submitted pictures demonstrating the similarities and showing that Defendant manufactured the alleged imitations. (Doc. 1 ¶¶ 33-38.) The average customer would be confused as to the origin of the imitation-bearing wheels, and Wheel Pros therefore alleged meritorious trademark infringement and unfair competition claims.

### C. Factor 4: Amount of Money at Stake

Instead of money damages, Wheel Pros seeks a "permanent injunction that enjoins Defendants from continued infringement," along with attorney fees and costs. (Doc. 54 at 11.) For the purpose of the fourth *Eitel* factor, seeking injunctive relief weighs in favor of granting default judgment. *Nestle USA, Inc. v. Gunther Grant, Inc*., No. CV-13-6754 MMM (ASx), 2014 WL 12558008, *12 (C.D. Cal. 2014). The merits of the claims for attorney fees, costs, and injunctive relief are not relevant for the purpose of the *Eitel* analysis, so the court addresses them later, in Section III.

### D. Factor 5: Possibility of Factual Disputes

Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Wheel Pros] motion." *PepsiCo*, 238 F. Supp. 2d at 1177; *accord Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). The fifth factor favors default judgment

### E. Factor 6: Whether Default Was Due to Excusable Neglect

Defendants were properly served with process, copies of the application for default,

and the present motion for default judgment. (Docs. 13, 14, 50.) It therefore "is unlikely that Defendant[s'] failure to answer and the resulting default was a result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This factor weighs in favor of default judgment.

### F. Factor 7: Policy Favoring a Decision on the Merits

The last factor always weighs against default judgment. *Eitel*, 782 F.2d at 1472 (prioritizing decisions on the merits). The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, Defendants' failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. Because Plaintiff has asserted plausible claims for relief to which Defendants failed to respond, the policy encouraging decisions on the merits does not weigh against default judgment.

## III. Relief

Plaintiff requests injunctive relief and attorney fees and costs. (Doc. 16.)

### A. Injunctive Relief

This Court is authorized to grant injunctions to prevent or restrain infringement from trademark and patent violations. 15 U.S.C. § 1116(a); 35 U.S.C. § 283. But a permanent injunction "should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). To obtain a permanent injunction, Wheel Pros must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).

#### a. Irreparable Injury

The 9th Circuit requires an evidentiary showing "sufficient to establish a likelihood of irreparable harm."[1] *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239,

---

[1] Wheel Pros mistakenly relies on a rebuttable presumption of irreparable harm. (Doc. 54.) However, the 9th Circuit expressly rejected that presumption. *Herb Reed*, 736

1251 (9th Cir. 2013). Evidence of loss of prospective customers or goodwill can constitute irreparable harm. *Id.* at 1250. Where the evidence suggests that a defendant is using the plaintiff's actual trademark, the plaintiff's loss of control over its business reputation supports such a finding. *See 2Die4Kourt v. Hillair Capital Mgmt., LLC*, 692 F. App'x 366, 369 (9th Cir. 2017). This is especially true where a plaintiff has "spent considerable time and effort building its reputation" and the infringing defendant "has merely piggy-backed off of [the plaintiff's] success." *Toyo Tire & Rubber Co. v. Kabusikiki Kaisha Tokyo Nihoon Rubber Corp.*, No. 2:14-CV-01847-JAD-VCF, 2015 WL 6501228, at *4 (D. Nev. Oct. 26, 2015).

Wheel Pros alleges that Defendants' infringement has "diminish[ed] . . . the valuable goodwill and reputation of the Wheel Pros . . . , and [is] resulting in . . . lost sales of wheels." (Doc. 1 ¶ 43.) Wheel Pros also alleges, with side-by-side photographs, that Defendants are using Wheel Pros' actual trademarks and that it spent a great deal of time and energy promoting and establishing its intellectual property. Because the Court must accept all well-pled facts as true at the default judgment stage, Wheel Pros has established a likelihood of irreparable harm.

### b. Inadequate Remedy at Law

Defendants were informed of their infringing conduct yet did not respond or stop their infringement. The legal remedy of damages therefore appears inadequate to deter Defendants from continuing to infringe. *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009) (finding that when there is good reason to believe infringement will continue, monetary damages are typically inadequate.).

### c. Balance Of Hardships

Entering a permanent injunction would protect Wheel Pros' valuable intellectual property rights, and any hardship for Defendants would be limited to the cessation of their infringing activities. *See Broad. Music Inc. v. BLK, III LLC*, No. CV-19-01358-PHX-

---

F.3d at 1250 ("Gone are the days when [o]nce the plaintiff in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue." (alteration in original; internal quotation and citation omitted)).

- 6 -

DWL, 2020 WL 2395118, at *5 (D. Ariz. May 12, 2020). The balance of hardships weighs in favor of granting the injunction.

### d. *Public Interest*

The public interest in the orderly administration of trademark laws favors an injunction. The purpose of trademark law is to avoid consumer confusion and to ensure that a producer reaps rewards for developing desirable products. *See Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc*., 559 F.3d 985, 993 n.5 (9th Cir. 2009) ("The public has an interest in avoiding confusion between two companies' products.").

### e. *Balancing the Factors*

All the factors weigh in Wheel Pros' favor. Thus, a permanent injunction is appropriate in this case.

### B. Attorney Fees

Wheel Pros seeks attorneys' fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a) (Section 35(a) of the Lanham Act), and A.R.S. § 44-1453(J). Both the Lanham act and 35 U.S.C. § 285 authorize the Court to award "reasonable attorney fees to the prevailing party" in "exceptional" trademark infringement actions. 15 U.S.C. § 1117(a); 35 U.S.C. § 285. A case is "exceptional" if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 572 U.S. 545, 554 (2014). Willful infringement combined with non-participation in litigation ordinarily makes a case exceptional. *Trident Inv. Partners Inc. v. Evans*, No. CV-20-01848-PHX-DWL, 2021 WL 75826, at *8 (D. Ariz. Jan. 8, 2021). District courts consider, on a case-by-case basis, the totality of the circumstances to determine whether a case is exceptional. *Id*.

Wheel Pros alleges that Defendants' infringement is willful because Defendants were "placed on notice" of Wheel Pros' patents and trademarks yet continued to infringe. (Doc. 1 ¶¶ 54-55, 66-67.) And at the default judgment stage, the Court must credit a plaintiff's factual allegations as true. Willful infringement coupled with Defendants'

failure to participate in litigation makes this case exceptional.  Thus, Wheel Pros is entitled to attorney fees upon timely submission of an application that complies with Local Rule of Civil Procedure 54.2.

**IT IS ORDERED** that Plaintiff Wheel Pros' motion for default judgment (Doc. 54) is **GRANTED** as follows:

1. Defendants El Padrino, Super Llantas, and Ivision are permanently enjoined from infringing any of U.S. Patent Nos. D558,115, D701,481, D709,018, D709,020, D711,808, D712,333, D730,260, D733,026, D736,137, D742,293, D747,253, D786,167, D786,168, D792,831, D794,533, D794,534, D801,903, D805,456, D811,980, D811,981, D812,540, and D812,541.

2. Defendants El Padrino, Super Llantas, and Ivision are permanently enjoined from infringing any of U.S. Trademarks Nos. 4611509, 5001689, 4513500, 4919483, and 4947750.

3. Defendants El Padrino, Super Llantas, and Ivision are permanently enjoined from attempting to or passing-off, inducing or enabling others to sell or pass-off any product as a product affiliated with or sponsored by Wheel Pros, which product is not produced under the authorization, control and supervision of Wheel Pros and approved by Wheel Pros for sale under the Wheel Pros patents, trademarks or trade dress.

**IT IS FURTHER ORDERED** that Wheel Pros shall file with the Court and serve on Defendants El Padrino, Super Llantas, and Ivision an application for attorney fees that complies with Local Rule of Civil Procedure 54.2 no later than **14 days** after the entry of judgment.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 17th day of February, 2022.

Douglas L. Rayes
United States District Judge